**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE**

**CIVIL ACTION NO. 04-328-DLB**

**BETTY SUE HATFIELD**                                                                                                                                   **PLAINTIFF**

**vs.**                            **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                                    **DEFENDANT**

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Betty S. Hatfield filed an application for Supplemental Security Income (SSI) on January 22, 2003. Plaintiff, who was 42 years old at the time of the hearing, has a tenth grade education. She alleges a disability onset date of January 20, 2003, due to diabetes mellitus and back pain. Plaintiff then requested a hearing before an administrative law judge, which hearing was held on October 27, 2003, in Prestonsburg, Kentucky. The ALJ ruled that Plaintiff was not under a disability and was not eligible for SSI payments. The Appeals Council denied Plaintiff's request for review on September 7, 2004.

The instant action was filed on September 15, 2004. It has now culminated in cross motions for summary judgment.

## II.  DISCUSSION

**A.     Overview of the Process**

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant=s impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 17). At Steps 2 and 3, the ALJ found that Plaintiff's cervical and lumbar strain and diabetes mellitus constituted severe impairments. (Tr. 18) The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulations No. 4. (Tr. 18)

At Step 4, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a significant range of light work. (Tr. 19) Specifically, the ALJ found that Plaintiff can lift or carry twenty pounds occasionally or ten pounds frequently, stand and/or walk for six hours in an eight-hour workday, or sit for six hours in a workday. The ALJ concluded that because the Plaintiff's past work as a security guard did not require the performance of work-related activities precluded by her RFC, Plaintiff was able to perform her past relevant work. (Tr. 20.)

Because the ALJ determined that the Plaintiff's impairments did not preclude her from performing her past relevant work, no further analysis under the sequential evaluation was necessary nor conducted by the ALJ.

**C.     Analysis**

Plaintiff raises one challenge in her appeal. She argues that the decision was not supported by substantial evidence because the ALJ did not perform a function-by-function assessment as required by Social Security Ruling 96-8p. The relevant provision of SSR 96-8p reads:

3

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

The ALJ, in determining the RFC of any claimant, is governed by SSR 96-8p. Though Plaintiff's argument relies heavily upon the aforementioned section of SSR 96-8p, the quoted language of the provision fails to capture the scope of the ALJ's ability to assess a complainant's RFC. SSR 96-8p further states:

> The RFC assessment is a function-by-function assessment based upon *all* of the relevant evidence of an individual's ability to do work-related activities.
>
> ….
>
> The RFC assessment must be based on *all* of the relevant evidence in the case record, such as: medical history, medical signs and laboratory findings, the effects of treatment … reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms … evidence from attempts to work, need for structured living, and work evaluations, if available.

SSR 96-8p (emphasis added).

Furthermore, in *Delgado v. Commissioner of Social Security,* 30 Fed. Appx. 542 (6th Cir. 2002), the Sixth Circuit held that there was no merit to the argument that the ALJ had not complied with SSR 96-8p, where the ALJ discussed the medical and other evidence on the disputed issue and explained the basis for his determination of the claimant's RFC. *Delgado,* 30 Fed. Appx. at 4-5.

After his complete review of the record, the ALJ found that Plaintiff had the RFC to perform light work activity. (Tr. 20). In reaching this determination, the ALJ considered the objective medical findings, the testimony of the vocational expert, and the relevant

4

subjective factors, including Plaintiff's activities and the medication prescribed for the treatment of her impairments. (Tr. 18-19). Though the record gives inference to a mental impairment, the medical evidence failed to support Plaintiff's claim that she suffers from debilitating anxiety. Plaintiff claims that her daughter's attempted suicide at the beginning of 2003 resulted in elevated levels of anxiety. However, Plaintiff failed to seek treatment until June 2003 and even then she failed to seek advice from either a psychiatrist or counselor. (Tr. 164).

The medical evidence indicates that Plaintiff suffers from diabetes mellitus. Plaintiff claims that her blood sugar ranges from 148 – 450, but write-ups from her treating physicians show claimant's blood sugar only in the 200 - 290 range. (Tr. 128-29, 132). Moreover, claimant's treating physician has advised her to adhere to a diabetic's diet and take prescribed medication to control her blood sugar. (Tr. 132). Though Plaintiff complains of blurred vision, the record shows that any visual deficits may be corrected with lenses and there is no evidence of diabetic neuropathy or visual field constriction. (Tr. 133) Plaintiff also reported that she had no problems with her feet. (Tr. 147.) Medical evidence indicates that Plaintiff sustained neck and back injuries in April 2001. (Tr. 119) Plaintiff claims to suffer from debilitating pain associated with the injuries to her neck and back, but subsequent medical records from her treating physicians show that Plaintiff has complained neither of extremity pain, nor pain in her neck, back and feet. (Tr. 147). However, evidence does show that Plaintiff suffers from limited mobility in her neck and back that would preclude the claimant from lifting heavy objects. (Tr. 119, 138-39).

Furthermore, Plaintiff testified that she spends most of the day watching television, as well as performing a variety of different functions around the home, such as cooking and

cleaning. (Tr. 165, 169). Plaintiff also testified that she drives her own automobile. (Tr. 169). The record also shows that Plaintiff engages in specific household activities such as washing dishes, vacuuming, dusting and laundry as well as spending several hours per week shopping for groceries. (Tr. 83 – 108). In addition, Plaintiff occasionally goes out with friends and she spends time with her granddaughter weekly. (*Id.*)

Only after discussing the impairments at length did the ALJ determine the RFC of Plaintiff. As the ALJ stated in his opinion, "Claimant's description of her limitations appears inconsistent and out of proportion to the documented objective medical findings in the record, and her testimony regarding her restrictions is contradictory to the other evidence of record." (Tr. 18). The language of SSR 96-8p as well as the ruling in *Delgado* make clear that an assessor should use all of the evidence in the record in determining a claimant's RFC. From this detailed review, it is clear that the medical evidence supports the ALJ's determination of Plaintiff's RFC. The ALJ's opinion was reasonably based on substantial medical evidence.

Notwithstanding the ALJ's determination that Plaintiff could perform light, sedentary work, Plaintiff contends that the limitations found by the ALJ would preclude Plaintiff from performing her past relevant work as a security guard. Plaintiff posits that the ALJ's determination of Plaintiff's ability to perform past relevant work should have been predicated upon Plaintiff's actual past relevant work. As such, Plaintiff states that she cannot perform the duties of a security guard as required by her past job because twelve-hour shifts exceed her functional limitations as determined by the ALJ.

According to Plaintiff, the ALJ's determination that the duties of a security guard were sedentary in nature was predicated upon a normal eight-hour work day. Plaintiff

directs the court's attention to the error in the ALJ's use of the vocational expert's opinion regarding Plaintiff's ability to perform the duties of a security guard. Specifically, the vocational expert testified:

> [Security guard] would be classified as sedentary work. This is based on … lifting negligible amounts of less than 10 lbs. throughout the day, and sitting hours a day, walking up to four hours a day. So I believe that based upon this information, sedentary would be the most appropriate classification.

(Tr. 171). Plaintiff points out that the ALJ's opinion incorrectly recounted the vocational expert's testimony. In his opinion, the ALJ stated:

> Leah Salyers, vocational expert, classified past relevant work as a security guard was performed at the sedentary level and unskilled in nature. The vocational expert noted claimant described work as sitting four hours and walking four hours … undersigned concurs that the claimant's past relevant work … did not require the performance of work-related activities precluded by the aforementioned residual function capacity.

(Tr. 19).

Plaintiff assumes that if the ALJ's determination of Plaintiff's functional limitations was based upon Plaintiff's actual past work as a security guard, then the ALJ should have relied upon a twelve-hour work day in order to correctly gauge Plaintiff's limitations. However, according to SSR 82-61, RFC may be determined with regard to the functional demands of the particular past relevant job or the functional demands of the occupation as generally required by employers throughout the national economy. Though Plaintiff concedes that SSR 82-61 controls, Plaintiff argues that because the ALJ failed to make any determinations regarding the functional abilities of security guards as usually found in the national economy, the ALJ should be precluded from determining Plaintiff's functional limitations based upon the duties of security guards in the national economy.

It is the opinion of this Court that the ALJ, in determining Plaintiff's functional ability to perform as a security guard, reasonably concluded that Plaintiff possessed the ability to carry out the duties of a security guard. According to the *Dictionary of Occupational Titles* (DOT), the job of security guard requires a light amount of exertion, such as reaching, handling, talking, hearing, depth perception and color vision. *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 372.667-034 (4th ed. 1991). The DOT does not include actions such as climbing, balancing, stooping, kneeling, crouching, crawling, fingering, feeling, and tasting/smelling in the list of duties for a security guard. Thus, the determinations of the DOT with respect to the functions expected of a security guard are neither inconsistent nor contrary to the Plaintiff's functional limitations as found by the ALJ.

Although the ALJ did not specifically rely on the DOT in determining Plaintiff's ability to perform her past relevant work, the regulations state that "[w]e may use the services of vocational experts … or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements … to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity." 20 C.F.R. § 416.960(b)(2). Moreover, SSR 82-61 states that "The *Dictionary of Occupational Titles* (DOT) descriptions can be relied upon – for jobs that are listed in the DOT – to define the job as it is usually performed in the national economy." Thus, it is clear that the ALJ, in determining whether a claimant can perform past relevant work, may rely upon outside sources such as the DOT to confirm the functional expectations of a specific job as required by employers in the national economy. Here, the ALJ found that Plaintiff could perform light work activity and the DOT confirms that the job of security guard as performed generally is done at the light exertional level.

Furthermore, because the ALJ was free to consult outside sources as listed in the regulations in order to determine the functional limitations of security guards as generally found in the national economy, this Court is of the opinion that the error in the ALJ's recount of the VE's testimony was harmless error.  Plainly the ALJ's use of the vocational expert was intended only as reinforcement to the conclusions drawn from the evidence.

In summary, this court finds no error in either the ALJ's determination that Plaintiff had the RFC to perform light work activity, or the ALJ's decision that the claimant's past relevant work as security guard did not require the performance of work-related activities precluded by her RFC.  Likewise, this court finds that the ALJ's mistake in misstating the vocational expert amounted to harmless error and had little or no bearing upon the ALJ's determination that Plaintiff had the RFC to perform past relevant work as a security guard. In light of the evidence taken as a whole, the ALJ correctly determined that the claimant was not precluded from light work activity.  Also, SSR 82-61 permits ALJs to consult resources such as the DOT to determine whether a claimant retains the capacity to perform past relevant work as ordinarily required by employers in the national economy.  The ALJ's determination that Plaintiff could perform her past relevant work was reasonable based on the DOT's delineation of that job as being generally performed at the light level.  Therefore, this court finds that substantial evidence exists to support the ALJ's determinations.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Docs. #12) are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #13) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

Dated this 27th day of February, 2006.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-328-HatfieldMOO.wpd